People v Soto

2026 NY Slip Op 02073

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Joshua Soto, Appellant.

Decided and Entered: April 07, 2026

Ind. No. 2048/21|Appeal No. 5673|Case No. 2022-05772|

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Max Bernstein of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Kathryn Paek, J.), rendered December 5, 2022, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's claim that he was deprived of his Sixth Amendment and New York state constitutional right to choose the "objective of his defense" in violation on McCoy v Louisiana (584 US 414, 423 [2018]) is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the record contains no indication that defendant, whose testimony made out the elements of third-degree robbery, opposed counsel's strategy of admitting defendant's guilt of that crime in summation as part of an argument that defendant could not properly be convicted of first-degree robbery (see People v Alvarez, 205 AD3d 577 [1st Dept 2022], lv denied 38 NY3d 1131 [2022], cert denied -- US --, 143 S Ct 813 [2023]).

The court properly denied defendant's request for an instruction on petit larceny as a lesser included offense of first-degree robbery because there was no reasonable view of the evidence under which defendant committed the lesser crime but not the greater (see CPL 300.50; People v Van Nostrand, 85 NY2d 131, 135 [1995]).

Defendant's right to be present and meaningfully participate in the selection of jurors was not violated by "[t]he court's COVID-19 safety protocols, which included requiring jurors to wear masks that covered the nose and mouth at all times during the jury selection process" (People v Rodriguez, 235 AD3d 541, 541-542 [1st Dept 2025], lv denied 43 NY3d 1011 [2025]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026